Case 2:17-cv-10240 Document 1 Filed 04/27/17 Page 1 of 6 PageID: 1



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ED KASHI, | ) Civil Action No. |
|           Plaintiff, | ) |
| v. | ) COMPLAINT FOR COPYRIGHT |
| | ) INFRINGEMENT |
| PEARSON EDUCATION, INC. | ) |
| | ) DEMAND FOR JURY TRIAL |
|           Defendant. | ) |

Plaintiff Ed Kashi, located at 110 Montclair Avenue Montclair, NJ 07042, for his Complaint against Defendant Pearson Education, Inc. ("Pearson"), located at 330 Hudson, New York, New York, alleges:

### STATEMENT OF ACTION

1. This is a copyright infringement action brought by Ed Kashi, owner of copyrights to the photographs ("Photographs") described hereafter, against Pearson, for unauthorized uses of Plaintiff's photographs in its publications.

### PARTIES

2. Ed Kashi is a professional photographer who makes his living by creating and licensing photographs. He resides in Montclair, New Jersey.

3. Pearson is a sophisticated global publisher with its principle place of business in New York, NY. Pearson sells and distributes its publications in the Eastern District of Pennsylvania, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiff's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

1

## JURISDICTION

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6. Kashi is the owner of copyrights in the attached photographic images ("Photographs") depicted in Exhibits 1 – 3.

7. The Photographs have been registered with the United States Copyright Office or have pending copyright registrations. For the Photographs with pending registrations, complete applications, fees, and deposit materials for copyright registrations have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

8. Kashi entered into licensing agreements with stock photo companies, including Corbis Corporation and IPN (collectively, "the Licensees") granting them limited rights to sublicense Kashi's photographs to third parties, in exchange for a percentage of the fees it negotiated.

9. Upon information and belief, between 2002 and the present, Pearson obtained access to the Photographs from the Licensees. In response to requests from Pearson, the Licensees issued invoices to Pearson, identifying specific publications in which the Photographs were to appear. Exhibits 1 (Corbis) and 2 (IPN) to this Complaint identify the Photographs licensed by Corbis to Pearson by Image ID and description, and include the invoice number, date, and Pearson

imprint that accessed the Photographs. Exhibits 1 and 2 identify additional information, including publication title and usage limitations, where known.

10. Upon information and belief, any licenses Pearson granted for use of the Photographs were expressly limited by publication, number of copies, distribution area, image size, language, duration and/or media (print or electronic).

11. Upon information and belief, at the time Pearson represented to the Licensees that it intended to make specific, limited uses of Plaintiff's photographs, Pearson often knew its actual uses would exceed those it was disclosing to the Licensees.

12. Shortly after obtaining access to the Photographs, upon information and belief, Pearson infringed Plaintiff's copyrights in various ways, including:

   a. printing or distributing more copies of the Photographs than authorized;

   b. distributing publications containing the Photographs outside the authorized distribution area;

   c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;

   d. publishing the Photographs in international editions and foreign publications without permission; and

   e. publishing the Photographs beyond the specified time limits.

13. Upon information and belief, after obtaining access to the Photographs, Pearson used the Photographs in additional publications without permission, or in excess of permission granted, but Plaintiff has no way of discovering these additional unauthorized uses.

14. Pearson reproduced Plaintiff's Photographs in the following publications:

- *Invitation to Corrections* by Bartollas, ©2002 - 0205314120

- *Prentice Hall World Geography - Building a Global Perspective* by Baerwald, Fraser, ©2003 - 0130535931

- *Psychology 7e* by Wade, Tavris, ©2003 - 0130982636

3

- *Scott Foresman Social Studies - Communities Grade 3, Texas Edition* by Dawson Boyd, Gay, et al., ©2003 - 032801785X

- *Scott Foresman Social Studies - Communities* by Dawson Boyd, Gay, et al., ©2003 - 0328017612

- *Prentice Hall History of Our World - The Early Ages*, ©2005 - 0131307711

- *Invitation to Psychology* by Wade & Tavris, 3/e, ©2005 - 0131146246

- *Biology - Science for Life with Physiology* by Belk, Borden, 2/e, ©2007 - 013225770X

Upon information and belief, Pearson made unlicensed use of Plaintiff's Photographs in these publications.

15. Plaintiff's Photographs in the publications listed in paragraph 14 above have been registered with the United States Copyright Office or have pending copyright registrations, as indicated in Exhibit 2 hereto. For the Photographs with a pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

16. Pearson alone knows the full extent to which it has infringed Plaintiff's copyrights by making unauthorized uses of the Photographs, but it has refused to disclose this information.

17. Pearson reproduced Plaintiff's Photographs in the following publications:

18. Other photographers and stock photography agencies have brought legal actions against Pearson alleging copyright infringement claims like those asserted by Plaintiff in this action. Since 2009, Pearson has been sued for copyright infringement by photographers and stock photo agencies in at least 30 actions.

19. On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

20. On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

21. Pearson has been adjudicated a copyright infringer for unauthorized use of photographs in its publications. In *Bean et al., v. Pearson Education, Inc.*, 949 F.Supp.2d. 941 (D. Ariz. 2013), Pearson was found liable on summary judgment for 418 claims of unauthorized uses of photographs in its textbooks. In *Frerck v. Pearson Education, Inc.*, 63 F.Supp.3d 882 (N.D. Ill. 2014), Pearson was found liable on summary judgment for 343 claims of unauthorized uses of photographs in its textbooks.

22. All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

### *Copyright infringement against Pearson*

23. Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

24. The foregoing acts of Pearson constitute infringements of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq*.

25. Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

**WHEREFORE**, Plaintiff request the following:

1. A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff' Photographs described in this Complaint and Plaintiff' photographs not included in suit.

...
...
...

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3. An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff' Photographs or, where applicable and at Plaintiff's election, statutory damages.

4. An award of Plaintiff's reasonable attorneys' fees.

5. An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: April 26, 2017

Plaintiff Ed Kashi by his attorneys,

*/s/ Maurice Harmon*

Maurice Harmon
Harmon Seidman Bruss & Kerr, LLC
11 Chestnut Street
New Hope, PA 18938
Tel: (917) 516-4434
E-mail: maurice@harmonseidman.com

Amanda L. Bruss
Harmon Seidman Bruss & Kerr, LLC
8728 East 54th Place
Denver, CO 80238
Tel: (415) 271-5754
E-mail: amanda@harmonseidman.com