UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ED KASHI, | ) | Civil Action No. |
| | ) | 17-cv-10240-JLL-SCM |
| | ) | |
| | ) | FIRST AMENDED COMPLAINT FOR |
| Plaintiff, | ) | COPYRIGHT INFRINGEMENT |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| PEARSON EDUCATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Ed Kashi, located at 110 Montclair Avenue Montclair, NJ 07042, for

his First Amended Complaint submitted pursuant to Fed. R. Civ.P. 15(a)(2) against

Defendant Pearson Education, Inc. ("Pearson"), located at 330 Hudson, New York,

New York, alleges:

## STATEMENT OF ACTION

1.      This is a copyright infringement action brought by Ed Kashi, owner of

copyrights to the photographs ("Photographs") described hereafter, against Pearson,

for infringing uses of Plaintiff's photographs in its publications.

## PARTIES

2.      Ed Kashi is a professional photographer who makes his living by

creating and licensing photographs.  He resides in Montclair, New Jersey.

3.      Pearson is a sophisticated global publisher with its principle place of

business in New York, NY.  Pearson sells and distributes its publications in the

District of New Jersey, throughout the United States, and overseas, including the

1

publications and ancillary materials in which Plaintiff's photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

## JURISDICTION

4.     This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5.     Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6.     Kashi is the owner of copyrights in the photographic images ("Photographs") described and depicted in Exhibits 1 – 5 hereto.

7.     The Photographs have been registered with the United States Copyright Office.

8.     Kashi entered into licensing agreements with stock photo companies, including Corbis Corporation ("Corbis"), VII Photo Agency ("VII"), and IPN (collectively, "the Licensees") granting them limited rights to sublicense Kashi's photographs to third parties, in exchange for a percentage of the fees they negotiated.

9.      Upon information and belief, between 2002 and the present, in response to Pearson's written requests to make limited uses of specific Photographs in specific publications, Kashi, VII, and IPN provided Plaintiff's high-resolution digital format files to Pearson.  Corbis granted Pearson general access to its digital image files for the limited purpose of facilitating Pearson's licensing decisions.  These image files would allow an unscrupulous user to surreptitiously make unlimited uses without Plaintiff's knowledge or permission.

10.      Exhibits 1 (Corbis), 2 (IPN), 3 (VII) and 4 (Kashi) to this Amended Complaint identify Photographs at issue by Image ID and description, and include the original invoice number, date, and Pearson imprint by which the Photographs were accessed.  Exhibits 1 – 4 identify additional information, including publication title and scope of the prior licenses, where known.

11.      Upon information and belief, any licenses Pearson originally obtained for use of the Photographs were expressly limited by publication, number of copies, distribution area, image size, language, duration and/or media (print or electronic). Kashi does not allege any breach of these licenses.  The conduct at issue here is Pearson's use of Kashi's photographs after any permissions granted were used up, or without any original license or permission.

12.      Upon information and belief, at the time Pearson represented to Kashi and the Licensees that it intended to make specific, limited uses of Plaintiff's

photographs, Pearson often knew its actual uses would exceed those it was disclosing to the Licensees.

13.     Upon information and belief, shortly after obtaining access to the Photographs Pearson exhausted the permissions granted by the invoices and, without asking for or obtaining additional licensing or permission, infringed Plaintiff's copyrights in various ways, including:

a.  printing or distributing more copies of the Photographs;

b.  distributing publications containing the Photographs outside the authorized distribution area;

c.  publishing the Photographs in electronic, ancillary, or derivative publications without permission;

d.  publishing the Photographs in international editions and foreign publications without permission; and

e.  publishing the Photographs after the expiration of the original license.

14.     Pearson reproduced Kashi's Photographs in publications identified in Exhibits 1 - 5 hereto.

15.     Upon information and belief, after obtaining access to the Photographs, Pearson used them in additional publications as yet undisclosed.  Plaintiff has no way of uncovering these additional unauthorized uses without discovery.

16.     Other photographers and stock photography agencies have brought legal actions against Pearson alleging copyright infringement claims like those asserted by Plaintiff in this action.  Since 2009, Pearson has been sued for copyright infringement by photographers and stock photo agencies in at least 30 actions.

17.     On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

18.     On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

19.     Pearson has been adjudicated a copyright infringer for unauthorized use of photographs in its publications. In *Bean et al., v. Pearson Education, Inc.*, 949 F.Supp.2d. 941 (D. Ariz. 2013), Pearson was found liable on summary judgment for 418 claims of unauthorized uses of photographs in its textbooks. In *Frerck v. Pearson Education, Inc.*, 63 F.Supp.3d 882 (N.D. Ill. 2014), Pearson was found liable on summary judgment for 343 claims of unauthorized uses of photographs in its textbooks.

20.     All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

### *Copyright infringement against Pearson*

21.     Plaintiff incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

22.     Pearson's use of Kashi's Photographs after exhaustion of the licenses it obtained or in ways not encompassed in its original licenses, and its use of Kashi's Photographs in publications for which it never obtained a license in the first place, constitute infringement of Plaintiff's copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

23.     Plaintiff suffered damages as a result of Pearson's unauthorized use of the Photographs.

**WHEREFORE**, Plaintiff request the following:

1.     A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiff' Photographs described in this Complaint and Plaintiff' photographs not included in suit.

2.     As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiff's Photographs used in violation of Plaintiff's exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiff's authorization.

3.     An award of Plaintiff's actual damages and all profits derived from the unauthorized use of Plaintiff' Photographs or, where applicable and at Plaintiff's election, statutory damages.

4.      An award of Plaintiff's reasonable attorneys' fees.

5.      An award of Plaintiff's court costs, expert witness fees, interest and all other amounts authorized under law.

6.      Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues permitted by law.

DATED: September 24, 2018

        Plaintiff Ed Kashi by his attorneys,


        s/ Mariel Murphy
        Mariel Murphy
        Harmon Seidman Bruss & Kerr LLC
        335 West 76th Street
        Suite 5A
        New York, NY 10023
        mariel@harmonseidman.com

        Amanda L. Bruss
        Harmon Seidman Bruss & Kerr, LLC
        8728 East 54th Place
        Denver, CO 80238
        Tel: (415) 271-5754
        E-mail:  amanda@harmonseidman.com